**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-1868-WJM-KLM

ALPS PROPERTY & CASUALTY INSURANCE COMPANY, f/k/a ATTORNEYS LIABILITY PROTECTION SOCIETY, INC.,

Plaintiffs,

v.

ROBERT C. BELL,
BELL & WRIGHT, LTD, d/b/a BELL & WRIGHT, LLC d/b/a BELL & WRIGHT LAW FIRM,
DENVER LEGAL CARE, LTD., and
MARILYN BALL,

Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant Robert C. Bell's ("Defendant") Motion to Dismiss ("Motion"). (ECF No. 33.) For the reasons stated below, the Motion is granted.

## I. BACKGROUND

Defendant is an attorney licensed to practice in Colorado and Nevada.[1] (ECF

---

[1] Plaintiff provides evidence of Defendant's bar membership in two exhibits attached to its response to the Motion, and both parties have included filings from a separate state court action as exhibits. (*See* ECF Nos. 33-1, 33-2, & 42-1—42-6.) The Court may consider these documents without converting the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (district court properly took judicial notice of state court records relating to the federal action); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (district court may take judicial notice of "facts which are a matter of public record" without converting a 12(b)(6) motion into a summary judgment motion).

Nos. 42-2 & 42-3.) Defendant Marilyn Ball alleges that, on June 8, 2008, she hired Defendant to represent her in connection with injuries she sustained in an automobile accident. (ECF No. 42-5 at 2.) Defendant informed Ms. Ball that he would pursue her underinsured coverage; Ms. Ball alleges that Defendant did not obtain a settlement with respect to the underinsured coverage, and allowed the statute of limitations on the coverage claim to lapse. (*Id*. at 3-4.)

Ms. Ball filed a malpractice suit against Defendant on June 2, 2014 in Nevada's Second Judicial District ("the Nevada Suit"). (ECF No. 2 at 4.) On June 9, 2014, Defendant provided Plaintiff ALPS Property and Casualty Insurance Company, his malpractice insurance carrier, with a copy of Ms. Ball's complaint. (*Id*. at 10.) Plaintiff accepted Defendant's tender of the defense in the Nevada Suit, subject to a reservation of rights to deny coverage, and subsequently notified Defendant on July 7, 2014 that his malpractice policy was rescinded. (*Id*.) On the same day, Plaintiff initiated this action seeking rescission of the policy, reimbursement of defense expenses, and a declaratory judgment that the policy provides no coverage for any judgment against Defendant in the Nevada Suit.[2] (ECF No. 2.) On August 11, 2014, Defendant filed a

---

[2] The Court notes as an initial matter that Plaintiff's choice to lay venue in Colorado is questionable. In a civil action, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff argues that a substantial part of the events giving rise to its claims occurred in Colorado, and that Colorado is "intimately connected to the facts of this

Third-Party Complaint against Plaintiff in the Nevada Suit, seeking a declaratory judgment that there is coverage under the policy for Ms. Ball's claims against Defendant in the Nevada Suit. (ECF No. 33-2.)

On October 22, 2014, Defendant filed his Motion to Dismiss this action. (ECF No. 33.) Defendant alleges that Plaintiff's decision to file this suit was in bad faith and was an effort to preempt Defendant's own third-party lawsuit against Plaintiff on the malpractice policy coverage issue. (*Id*. at 2.) Plaintiff urges the Court to deny Defendant's Motion because this action was filed before Defendant's Third-Party Complaint in the Nevada Suit, and hence the "first-filed" rule applies. (ECF No. 42.)

## II. LEGAL STANDARD

While Defendant makes his Motion pursuant to "Rule 12(b)" of the Federal Rules of Civil Procedure, Defendant does not enumerate, or explain, under which subsection of Rule 12(b) he seeks relief. (ECF No. 33.) A review of the Motion indicates that what Defendant truly seeks is the Court's abstention from this matter under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-

---

matter". (ECF No.42 at 19.) Plaintiff states that although the malpractice insurance policy was issued to Defendant at his Nevada business address, his application for insurance referenced his Colorado address and bar license. (*Id*. at 12.) Furthermore, Plaintiff emphasizes that at the time of Ms. Ball's accident, which is the subject matter of her complaint against Defendant, she was living and working in Colorado and the automobile insurance policy was issued in Colorado. (*Id*. at 12-13.) However, Plaintiff's claims in this case all relate to Defendant's negotiation of the malpractice policy and alleged misrepresentations made by Defendant during that process. (ECF No. 2.) Because Defendant alleges that "the negotiation and execution of the [insurance] contract . . . occurred solely in Nevada," it is unclear how any significant portion of the events giving rise to Plaintiff's claims, which focus on Defendant's misrepresentations, occurred in Colorado. (ECF No. 52 at 2.)

18 (1976) based on the parallel litigation in the Nevada Suit.[3] (*See id.*)

---

[3] All of the Motion briefing focuses on the first-filed rule. (ECF Nos. 33, 42, & 52.) But both parties fail to acknowledge that the first-filed rule only applies when both actions at issue are pending in federal court, and thus the rule is inapplicable here. *Mid-Continent Cas. Co. v. Greater Midwest Builders, Ltd.*, 2011 WL 5597329, at *4 (D. Kan. Nov. 17, 2011) (holding that the "the first-to-file rule—which promotes comity and requires courts to exercise care to avoid interference with each other's affairs—applies only to actions pending in federal courts of coordinate jurisdiction and equal rank and is thus not implicated here"), *aff'd sub nom Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977 (10th Cir. 2012); *see also Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (rule applies "when *two district courts* have jurisdiction over the same controversy" (emphasis added)); *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477 (10th Cir. 1999) (the first-filed rule "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed *in another district court*" (emphasis added)). *Colorado River* is therefore the more appropriate analysis here.

Although not raised in the briefing, the Court also notes that the *Brillhart/Wilton* doctrine does not apply here. *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995) and *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942) are the seminal cases discussing a court's ability to stay or dismiss a declaratory judgment action when the same action is pending in state court. Both cases make clear that a court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282.

However, the Supreme Court did not address whether the broad discretion conferred by the Declaratory Judgment Act and *Brillhart/Wilton* still applies when the complaint seeks both declaratory and affirmative relief. *See Alter v. F.D.I.C.*, 2014 WL 5465406, at *5 (D. Utah Oct. 28, 2014). The Tenth Circuit has held that the "nature of the relief requested by the plaintiff . . . is the touchstone." *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002). The *Las Cruces* court noted that suits seeking declaratory relief and "coercive actions" are distinguishable for purposes of the *Brillhart/Wilton* analysis. *Id*. Consequently, "[i]f the plaintiff only requests a declaration of its rights, not coercive relief, the suit is a declaratory judgment action for purposes of determining whether the district court has broad discretion under *Brillhart* to refuse to entertain the suit." *Id*. In reaching this holding, the Court cited with approval the Fifth Circuit's bright-line standard that holds if "coercive relief . . . is sought in addition to declaratory relief, the applicable standard is *Colorado River*." *Id*. (citing *Safety Nat. Cas. Corp. v. Bristol-Myers Squibb Co.*, 214 F.3d 562, 564 (5th Cir. 2000)); *see also R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009) ("The Fifth Circuit has adopted a strict bright-line approach: When an action includes a claim for declaratory relief along with any non-frivolous claim for coercive relief, *Wilton/Brillhart* abstention is completely inapplicable to all claims, and the *Colorado River* doctrine governs instead."). Thus, in this case, because Plaintiff's Complaint seeks "coercive relief," i.e., rescission, in addition to declaratory relief, *Colorado River*, and not *Brillhart/Wilton*, applies. *Nautilus Ins. Co. v. Otero Cnty. Hosp. Ass'n*, 2011 WL 12574962, at *4 (D.N.M. Nov. 4, 2011) (in a factually analogous case where insured allegedly made material misrepresentations on insurance application, insurer's complaint for rescission and declaratory relief was coercive and thus *Colorado River* applied because

The *Colorado River* doctrine governs whether a district court should stay or dismiss a federal suit pending the resolution of a parallel state court proceeding. *See Colorado River*, 424 U.S. at 817-18. The Supreme Court has concluded that judicial economy concerns may justify deferral of a federal suit when pending state litigation will resolve the issues presented in the federal case. *See id.* at 817–20. Whether to decline to exercise jurisdiction pursuant to *Colorado River* is discretionary. *Rienhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999).

The Tenth Circuit has warned that the appropriate circumstances for deferral under the *Colorado River* doctrine are "considerably more limited than the circumstances appropriate for abstention" and must be "exceptional." *Id.* (quoting *Colorado River*, 424 U.S. at 817-18). Accordingly, the Court's "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of the jurisdiction." *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983)). Simply stated, "[d]espite the temptation for federal courts to use the doctrine as a means of stemming the rising tide of litigation, suits in federal court are not easily swept away by *Colorado River*." *Id.*

The first step under the *Colorado River* analysis is determining "whether the state and federal proceedings are parallel." *Allen v. Board of Educ., Unified Sch. Dist.*, 436, 68 F.3d 401, 403 (10th Cir. 1995). Suits are parallel if "substantially the same

---

"rescission stands independent of any request for purely declaratory relief").

parties litigate substantially the same issues in different forums." *Id.* The court examines "the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction." *Id.* If the cases are not parallel, the federal court must exercise jurisdiction. *Allen*, 68 F.3d at 403. If the cases are parallel, the federal court must consider a multitude of other factors in deciding whether to surrender jurisdiction until the conclusion of state court proceedings. *Id*.

The Supreme Court has identified several non-exclusive factors to consider in evaluating whether to decline jurisdiction, including: (1) whether the state or federal court has assumed jurisdiction over property in dispute; (2) the inconvenience to the parties of the federal forum; (3) avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) the vexatious nature of the litigation; (6) whether federal law provides the rule of decision; and (7) and the adequacy of the state court proceeding to protect the federal plaintiff's rights. *See Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 18-28. These factors are not a "mechanical checklist"; rather, the Court should "careful[ly] balanc[e] . . . the most important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994).

## III. ANALYSIS

The Court must ascertain whether the *Colorado River* doctrine supports retaining jurisdiction in this case. The Court finds as a threshold matter that this suit and the Nevada Suit are parallel actions. Defendant's Third-Party Complaint in the Nevada Suit

and Plaintiff's Complaint in this matter both assert a claim for declaratory relief on the issue of coverage under Defendant's malpractice insurance policy issued by Plaintiff. (*Compare* ECF No. 2, *with* ECF No. 33-2.) Plaintiff acknowledges the similarities in its response to the Motion, and notes that Defendant's Third-Party Complaint "is duplicative of one of [Plaintiff's] three claims for relief in this action." (ECF No. 42 at 15.)

Moreover, the Court finds that Plaintiff's addition of Bell & Wright, LTD, Denver Legal Care, LTD, and Ms. Ball as parties to this action, as well as Plaintiff's additional claims for rescission and reimbursement of defense expenses, do not alter the nature of the suit. (ECF No. 2.) Plaintiff, in essence, seeks a declaration of its rights under the malpractice policy against all parties who could feasibly bring a claim for such coverage. *See United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) (noting that, "in the *Colorado River* context, . . . exact identity of parties and issues is not required"). Moreover, the Nevada Suit "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28. Ms. Ball and Defendant are already parties in the Nevada Suit, as is Plaintiff via Defendant's Third-Party Complaint. Should Plaintiff wish to assert claims against Ms. Ball, Bell & Wright, LTD, Denver Legal Care, LTD, and Defendant in that action related to the malpractice policy, it should have the ability to do so through third-party practice.[4] Therefore, the Court finds that this action and the Nevada Suit are parallel because

---

[4] The Court notes that Plaintiff may not have to join Bell & Wright, LTD and Denver Legal Care, LTD to the Nevada Suit based on an affidavit submitted by Plaintiff stating that both entities "are two dissolved Limited Liability Companies" no longer in existence. (ECF No. 33-1 at 2.)

"substantially the same parties [are] litigat[ing] substantially the same issues in different forums." *Allen*, 68 F.3d at 403.

The Court further finds that the relevant *Colorado River* factors support declining jurisdiction over this matter.

First, the Court notes that Colorado does not appear to be a convenient forum for any of the parties, including Plaintiff. Only Denver Legal Care, LTD whose sole member, according to Plaintiff, is Defendant, is based in Colorado. (ECF No. 2.) Furthermore, Defendant asserts that Denver Legal Care, LTD has been dissolved. (ECF No. 33-1.) As for the other parties, Defendant is a Nevada resident, Ms. Ball resides in Missouri, Bell & Wright is incorporated in Nevada, and Plaintiff is organized under the laws of, and has its principal place of business in, Montana. (ECF Nos. 2, 33-1, & 42-5.) It is therefore unclear how Colorado would be more convenient than the state forum.

Second, deferring to the Nevada Suit would avoid piecemeal litigation, even though the presiding judge in the Nevada Suit has stayed Defendant's third-party action. (ECF No. 56-1.) Allowing this matter to proceed would force Defendant and Ms. Ball to obtain separate counsel to defend them in this action as well as in the Nevada Suit. The Tenth Circuit has held that "[t]he paramount consideration in *Colorado River* was the third factor: the danger of piecemeal litigation." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc*., 705 F.3d 1223, 1234 (10th Cir. 2013). The Court therefore gives especially great weight to this factor. In doing so, the Court finds that, although the issue of insurance coverage is severable from the underlying merits of Ms. Ball's claims in the Nevada Suit, allowing this action to proceed

in two separate forums, when it could easily be consolidated in the Nevada Suit, would result in piecemeal litigation at the expense and inconvenience of the parties.

Third, federal law does not provide the rule of decision in this case. A federal court sitting in diversity applies the substantive law of forum state. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). Colorado and Nevada choice-of-law rules provide that an insurance contract is governed "by the law of the state with the most significant relationship to the insurance contract." *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009); *Progressive Max Ins. Co. v. Toca*, 2007 WL 2891980, at *3 (D. Nev. Sept. 28, 2007). Therefore, federal law does not provide the rule of decision in this matter.

Fourth, the state court proceedings will adequately protect Plaintiff's rights. As stated above, Plaintiff should be able to assert its claims related to the insurance policy in the Nevada Suit against all the parties to this action. Plaintiff will therefore not suffer prejudice should it be forced to litigate in the Nevada Suit.

On balance, the Court finds that the above factors are relevant to this matter and weigh in favor of not exercising jurisdiction over this case. *Fox*, 16 F.3d at 1082.

Having determined that abstention under *Colorado River* is appropriate, the Court must choose whether to stay the case pending the resolution of the state proceedings, or alternatively whether to dismiss. Where it is possible that "the state court proceedings [may] not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." *Id.* at 1083. In this case, because no federal claims are asserted

and Plaintiff's claims for additional relief beyond a declaratory judgment can be asserted in the Nevada Suit, the availability of the federal forum need not be preserved. As *Colorado River* requires the Court to look to the state and federal actions as a whole to determine whether to retain jurisdiction, the Court finds that *Colorado River* abstention applies to this action in its entirety, rather than to Defendant alone. The Court therefore finds that dismissal of this action without prejudice is appropriate.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Robert C. Bell's Motion to Dismiss (ECF No. 33) is GRANTED;
2. Defendant Marilyn Ball's Motion to Dismiss (ECF No. 34) is DENIED AS MOOT;
3. This action is DISMISSED WITHOUT PREJUDICE; and
4. The Clerk SHALL ENTER FINAL JUDGMENT in accordance with this Order and SHALL TERMINATE this case. The parties shall each bear their own attorneys' fees and costs.

Dated this 6th day of May, 2015.

BY THE COURT:

______________________
William J. Martínez
United States District Judge